# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# DAYTON DIVISION

| | | |
|---|---|---|
| ANDREW MARTIN, | ) | |
| | ) | Case No.: 21-123 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| AARGON AGENCY, INC. and TRANS UNION LLC, | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the Plaintiff, ANDREW MARTIN ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendants, AARGON AGENCY, INC. ("Aargon"), and TRANS UNION LLC ("Trans Union"), (collectively referred to herein as "Defendants"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for Defendants' violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq*., which regulates the furnishing and reporting of consumer credit information, and for Defendant Aargon's violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under laws of the United States, the FCRA and FDCPA. In addition, the FCRA, 15 U.S.C. § 1681p, and the FDCPA, 15 U.S.C. § 1681k(d) both provide that this action may be brought in "any appropriate United States district court."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time this action is commenced, Defendants' contacts with this District are sufficient to subject them to personal jurisdiction, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Covington, Ohio.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), as he is an individual.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

7. Defendant Aargon is a "person" as the term is defined by 15 U.S.C. § 1681a(b), as it is a corporation.

8. At all relevant times, Defendant Aargon acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

9. The aforementioned alleged debts are "debts" within the meaning of 15 U.S.C. § 1692a(5), in that they are alleged obligations of a consumer to pay money arising out of transactions in which the money, property, insurance, and/or services which are the subject of the transactions were primarily for personal, family, and/or household purposes.

10. Defendant Trans Union is a "person" as the term is defined by 15 U.S.C. § 1681a(b), as it is an "other entity."

11. On information and belief, Defendant Trans Union is a person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "credit reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

12. Defendants were responsible for reporting information about the alleged debt on Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1). Furthermore, Defendants are "information furnishers" as that term is used in the FCRA.

13. On information and belief, Defendant Aargon is a corporation of the State of Nevada, which is registered with the Secretary of State to do business in Ohio, and which has its principal place of business in Las Vegas, Nevada.

14. On information and belief, Defendant Trans Union is a limited liability company of the State of Delaware, which is registered with the Secretary of State to do business in Ohio, and which has its principal place of business in Chicago, Illinois.

**FACTS COMMON TO ALL COUNTS**

15. During or about September 2019, a collections account appeared on Plaintiff's credit report regarding an alleged debt being collected by Defendant Aargon (the "account" and the "alleged debt"). The original creditor to whom the debt was allegedly owed is Ohio Power.

16. At the time he first became aware of the account appearing on his credit report, Plaintiff had never heard of either Defendant Aargon or Ohio Power.

17. Accordingly, Plaintiff sent a formal, notarized dispute letter to Trans Union on January 21, 2020, stating that he disputed the account and demanding that Trans Union reinvestigate the inaccurate information.

18. Plaintiff further stated that he had lived at the same address since 1998, and that Dayton Power and Light, not Ohio Power, had been his utility provider at all times since.

19. On or about February 6, 2020, Trans Union responded to Plaintiff with a letter stating that the investigation was completed and that the disputed account was verified as accurate, but did not provide any proof whatsoever of the alleged verification.

20. Plaintiff sent a second written dispute letter to Trans Union on February 17, 2020, in which Plaintiff explained that he did not receive any proof of the verification and reiterated his demand that Trans Union provide documentation of the verification and promptly delete the inaccurate information.

21. Trans Union responded to Plaintiff's second letter on March 7, 2020, again stating that the information had been verified as accurate, without providing any proof.

22. Plaintiff sent a third written dispute letter to Trans Union on April 20, 2020. Plaintiff's dispute letter stated that the inaccurate and unverified information remained on Plaintiff's credit report, and that Plaintiff had yet to receive any documentation supporting Defendant's contention that it had been verified.

23. Trans Union's response, dated May 2, 2020, stated that Trans Union previously completed an investigation of the disputed item and that the data furnisher, Aargon, verified the information.

24. Plaintiff sent yet another written dispute on May 8, 2020, notifying Trans Union that the unverified and inaccurate information remained on Plaintiff's credit report, and demanding

that the information be promptly deleted. Plaintiff also included a confirmation letter showing that a different credit reporting agency, Experian, had deleted the account from Plaintiff's credit report as a result of Plaintiff's dispute to Experian.

25. Despite Plaintiff's diligence in pursuing the matter, Trans Union again responded with a letter stating that the investigation had been completed and that Aargon verified the information. Again, Trans Union provided no proof of the verification.

26. On information and belief, upon receipt of each of Plaintiff's disputes, Trans Union notified Aargon of the nature of Plaintiff's disputes, as is required by 15 U.S.C. § 1681i(a)(2).

27. On information and belief, Aargon verified to Trans Union on multiple occasions that the manner in which it was reporting the account on Plaintiff's consumer reports was accurate, despite Plaintiff having provided ample information for Defendants to conclude that the account did not belong to Plaintiff.

28. To date, Trans Union has not removed the derogatory account disputed by Plaintiff from his consumer report.

29. Defendants are aware that this incorrect information on Plaintiff's consumer report is going to be disseminated to various other persons or parties who will be reviewing this information for the purpose of potentially extending offers of credit, insurance, and/or employment to Plaintiff.

30. Despite Plaintiff's efforts to date, Defendants have deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the disputes described above as required by the FCRA, have failed to remove and/or correct the inaccurate information from Plaintiff's consumer reports, and have continued to report the inaccurate derogatory information about Plaintiff on his consumer reports.

31. As a result of Defendants' actions and omissions as set forth above, Plaintiff has been damaged and continues to be damaged in numerous ways which include, but are not limited to, the following:

    a. Stress, aggravation, frustration, emotional distress, and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

    b. Denial of credit, loans, financing, and/or other damages, not yet known by Plaintiff; and

    c. Decreased credit score, which has resulted in the inability to obtain credit and/or may result in the inability to obtain credit in the future.

32. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of Plaintiff's statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief as is permitted by law.

33. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

34. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for the legal rights of Plaintiff herein.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## BY DEFENDANTS AARGON AGENCY, INC. AND TRANS UNION LLC

35. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 34 above as if reiterated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

37. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

38. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2), and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3), from Defendants.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## BY DEFENDANT AARGON AGENCY, INC. ONLY

39. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 38 above as if reiterated herein.

40. Defendant Aargon violated 15 U.S.C. § 1692e by using a false, deceptive, and/or misleading representation or means in connection with the collection of the alleged debt.

41. Defendant Aargon violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the alleged debt.

42. Defendant Aargon violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed.

43. Defendant Aargon violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

44. Defendant Aargon violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

45. Defendant Aargon violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not expressly authorized by the agreement creating the debt and/or was not permitted by law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, ANDREW MARTIN, respectfully prays this Honorable Court enter judgment against Defendants AARGON AGENCY, INC. and TRANS UNION LLC as follows:

  a. An award of actual damages sustained by Plaintiff as a result of Defendants' violations of the FCRA, pursuant to 15 U.S.C. § 1681o(a)(1);

  b. An award of actual damages sustained by Plaintiff as a result of Defendant Aargon's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(1);

  c. An award of statutory damages of $1,000.00 to Plaintiff for Defendants' violations of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

  d. An award of statutory damages of $1,000.00 to Plaintiff for Defendant Aargon's violations of the of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e.  An award of punitive damages for Defendants' violations of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(2);

f.  An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), and 15 U.S.C. § 1692k(a)(3); and

g.  Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

ANDREW MARTIN

By:  /s/ David B. Levin
Attorney for Plaintiff
Ohio Attorney No. 0059340
Law Offices of Todd M. Friedman, P.C.
111 West Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

9